O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Daniel Lopez, | Case No. 5:14-CV-02256-VAP-SP |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S EX PARTE APPLICATION AND DISMISSING THE ACTION WITHOUT PREJUDICE (Doc. Nos. 28, 33, and 34)** |
| Ayman Seder, | |
| Defendants. | |
| | **[Motion filed on September 21, 2015 ]** |

## I. BACKGROUND

Plaintiff Daniel Lopez filed a Complaint on November 3, 2014 for violations of (1) the Americans with Disabilities Act ("ADA"), (2) the Unruh Civil Rights Act, (3) the California Disabled Persons Act and (4) negligence against Defendant Ayman Seder ("Defendant") and Does 1 through 10, inclusive, in this Court.

Plaintiff filed a Motion for Summary Judgment ("Motion") and a Memorandum of Points and Authorities

(Final.)

("Mem. P. & A.") and lodged a Statement of Uncontroverted Facts and Conclusions of Law on September 21, 2015. Defendant did not file any opposition to the Motion. On October 12, 2015, a federal holiday, Defendant filed an Ex Parte Application to Shorten Time for a Hearing to file his opposition to the Motion for Summary Judgment. Given that the Motion was filed on September 21, 2015, and any opposition was due by September 28, 2015. Defendant's opposition was more than two weeks untimely, and failed to show good cause for why the opposition was later. Accordingly, the ex parte application is denied.

## II. LEGAL STANDARD

A motion for summary judgment shall be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party must show that "under the governing law, there can be but one reasonable conclusion as to the verdict." Anderson, 477 U.S. at 250.

Generally, the burden is on the moving party to demonstrate that it is entitled to summary judgment. Margolis v. Ryan, 140 F.3d 850, 852 (9th Cir. 1998); Retail Clerks Union Local 648 v. Hub Pharmacy, Inc., 707 F.2d 1030, 1033 (9th Cir. 1983). The moving party bears

the initial burden of identifying the elements of the claim or defense and evidence that it believes demonstrates the absence of an issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where the non-moving party has the burden at trial, however, the moving party need not produce evidence negating or disproving every essential element of the non-moving party's case. Celotex, 477 U.S. at 325. Instead, the moving party's burden is met by pointing out that there is an absence of evidence supporting the non-moving party's case. Id.

The burden then shifts to the non-moving party to show that there is a genuine issue of material fact that must be resolved at trial. Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324; Anderson, 477 U.S. at 256. The non-moving party must make an affirmative showing on all matters placed in issue by the motion as to which it has the burden of proof at trial. Celotex, 477 U.S. at 322; Anderson, 477 U.S. at 252. See also William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 14:144.

A genuine issue of material fact will exist "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at

248. In ruling on a motion for summary judgment, the Court construes the evidence in the light most favorable to the non-moving party. <u>Barlow v. Ground</u>, 943 F.2d 1132, 1135 (9th Cir. 1991); <u>T.W. Electrical Serv. Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630-31 (9th Cir. 1987).

### III. UNCONTROVERTED FACTS

The following material facts have been supported adequately by admissible evidence and are uncontroverted. They are "admitted to exist without controversy" for the purposes of this Motion. <u>See</u> L.R. 56-3.

Plaintiff Daniel Lopez is disabled and uses a wheelchair for mobility. (Statement of Uncontroverted Facts ("SUF") at ¶ 1.) Plaintiff drives a specially equipped van with a ramp that he can deploy with a remote control to assist him in exiting his van. (SUF at ¶ 2.)

Defendant owns and operates the Valencia Liquor Store located at 704 East Highland Avenue, San Bernardino, California ("Store"). (SUF at ¶ 3, 5.) Plaintiff has visited the Store on at least two occasions. (SUF at ¶ 7, 17.)

On both occasions, there was a parking spot marked with the International Symbol of Accessibility on the

stall ("Disabled Space").  At that time, there was no pole mounted at the Disabled Space, and the access aisle measured five feet in width.  (SUF at ¶ 8-12.)

Plaintiff believed the space was too narrow to deploy his ramp and exit his vehicle in his wheelchair.  (SUF at ¶ 13-15.)

After December 2013, Defendant repainted the Disabled Space, added more space, and added a pole-mounted "van accessible sign."  (SUF at ¶ 22-23.)

Although Plaintiff lives in Los Angeles, he travels regularly to San Bernardino to visit friends, who live in close proximity to the Store.  The Store is also near the Arrowhead Veterinary Hospital, where Plaintiff takes his dog when needed.  Plaintiff would like the ability to park safely at the Store so he can go inside and purchase items.  (SUF at ¶ 24-33.)

## IV. DISCUSSION

Plaintiff argues he is entitled to summary judgment on his claim under Title III of the ADA and the Unruh Civil Rights Act, and if the Motion is granted, Plaintiff stipulates to dismiss his third and fourth causes of action to ensure that the Motion disposes of the entire case.  (Mem. P. & A. at 4-5.)

For the reasons set forth below, the Court DENIES Plaintiff's Motion for Summary Judgment, finding the Plaintiff does not have standing to assert an ADA claim, and Plaintiff's claim under the Unruh Act does not arise under federal law.

**A.  Standing to Pursue ADA Claim**

"Damages are not recoverable under Title III of the ADA — only injunctive relief is available for violations of Title III."  Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002); see also Molski v. M.J. Cable Inc., 481 F.3d 724, 730 (9th Cir. 2007); 42 U.S.C. § 12188(a); 42 U.S.C. § 2000a-3(a).  Accordingly, in order to maintain his claims under Title III of the ADA, Plaintiff must have standing to obtain injunctive relief.

"To satisfy the constitutional requirements of standing, the plaintiff must have suffered an 'injury in fact' — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  Stickrath v. Globalstar, Inc., 527 F. Supp. 2d 992, 995 (N.D. Cal. 2007) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)) (internal quotation omitted).

In the context of a claim for injunctive relief under Title III of the ADA, a plaintiff must "demonstrate a

sufficient likelihood that he will again be wronged in a similar way.  That is, he must establish a real and immediate threat of repeated injury."  Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004) (citations omitted).  Here, Plaintiff cannot demonstrate an "immediate threat of repeated injury."  Id.

After December 2013, Defendant repainted the Disabled Space, added more space to the access aisle, and added a pole mounted with a sign indicating the space is van accessible.  (SUF at ¶ 22-23.)  Therefore, Plaintiff's equitable claims have been resolved in their entirety.  See Pickern v. Best Western Timber Cove Lodge Marina Resort, 194 F. Supp. 2d 1128, 1130 (E.D. Cal. 2002) (finding that once all remedial efforts were completed the "ADA claim for injunctive relief [was] moot").  As Plaintiff's ADA claim is moot, Plaintiff no longer has standing under the ADA.  Accordingly, the Court denies Plaintiff's Motion with respect to his ADA claim.

**B. Plaintiff's Unruh Civil Rights Act Claim Does Not Arise Under Federal Law**

Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over claims arising under laws of the United States.

"A state-law claim invokes 28 U.S.C. § 1331 jurisdiction only if it 'necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" Shanks v. Dressel, 540 F.3d 1082, 1093 (9th Cir. 2008) (quoting Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005)).

The Ninth Circuit has held that claims based on state laws that incorporate the ADA by reference do not arise under federal law within the meaning of 28 U.S.C. § 1331, reasoning that "Congress intended that such ADA violations *not* give rise to a federal cause of action for damages." Wander, 304 F.3d at 859 (emphasis in original).

The Court is bound by the Ninth Circuit's holding in Wander, and finds that Plaintiff's second claim for

relief does not arise under federal law within the meaning of 28 U.S.C. § 1331. Thus, the Court denies Plaintiff's Motion for Summary Judgment as to his Unruh Civil Rights Act claim.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion with respect to Plaintiff's first claim for relief. Thus, this Court no longer has jurisdiction, and declines to exercise supplemental jurisdiction with respect to Plaintiff's remaining claims for relief. See 28 U.S.C. § 1367(c)(3). This case is dismissed without prejudice.

Dated: October 23, 2015

VIRGINIA A. PHILLIPS
United States District Judge